IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**BRUCE A. SENIOR,**

    **Plaintiff,**

    v.                                       **Civil Action No.** 3:18-cv-01382

**ROBERT NEWLIN AIRPORT,
INC., and CARL BAILEY,**

    **Defendants.**

## COMPLAINT

NOW COMES Plaintiff Bruce A. Senior, by and through his undersigned counsel, and files this Complaint against Robert Newlin Airport, Inc. and Carl Bailey making claims to recover unpaid wages and unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. and the West Virginia Minimum Wage and Maximum Hours Act, W. Va. Code § 21–5C–1 et seq. stating as follows:

## PARTIES

1.    Plaintiff Bruce A. Senior ("Plaintiff Senior") is an individual residing in Green Bay, Brown County, Wisconsin.

2.    Defendant Robert Newlin Airport, Inc. ("RNA") is a for-profit corporation, organized pursuant to the laws of the State of West Virginia, and authorized to do business in the State of West Virginia.

3.    Defendant RNA has a principal office located at 6090 Kyle Lane, Huntington, West Virginia 25702.

4. Defendant RNA owns and operates a small airfield used by amateur flyers and skydivers and operates a Recreational Vehicle ("RV") park and restaurant named "The Fly In Café on the airfield grounds.

5. Defendant Carl Bailey ("Defendant Bailey") is the President and principal owner of Defendant RNA.

6. During the relevant time period, Defendant Bailey had extensive managerial responsibilities and substantial control over the operation of Defendant RNA, including The Fly In Café.  Defendant Bailey made and/or participated in all material decisions regarding the operations of Defendant RNA and The Fly In Café including the hiring and termination of employees, the determination of rates of compensation, and the payment of compensation.

7. At all relevant times, Defendants RNA and Bailey were acting through their agents, supervisors, directors, officers, employees and assigns, and within the full scope of such agency, office, employment, or assignment.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's claim under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") pursuant to 28 U.S.C. § 1331 because this claim arises under the laws of the United States.

9. This Court has supplemental jurisdiction over Plaintiff's claim under the West Virginia Minimum Wage and Maximum Hours Act, W. Va. Code § 21–5C–1 et seq. pursuant to 28 U.S.C. § 1367.

10. At all relevant times, Plaintiff was an employee of Defendants RNA and Bailey at the Fly In Café in Huntington, West Virginia.

11.     Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendants RNA and Bailey reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

12.     Plaintiff Senior was hired by Defendants RNA and Bailey or about October 24, 2015 to work in The Fly In Café.

13.     During his employment by Defendants, Plaintiff Senior tended bar and performed other miscellaneous tasks such as serving customers, preparing the restaurant before opening, and cleaning the restaurant after closing.

14.     During his employment by Defendants RNA and Bailey, Plaintiff Senior averaged 35 work hours per workweek.  From his date of hire until on or about March 1, 2017, Plaintiff Senior was paid no hourly wages and earned only tips.

15.     From his date of hire until on or about March 1, 2017, Plaintiff Senior was not paid the lawfully required minimum wage.

16.     Prior to on or about March 1, 2017, Defendant RNA and The Fly In Café kept no timesheets or other records of employees' work hours or wages paid as required by law.

17.      In March 2017, Defendant RNA installed a time clock for employees to "clock in" and "clock out" of work.  Upon installation of the time clock, Plaintiff Senior began to receive the "tipped employee" minimum wage of $2.13 for his work hours, in addition to the tips he received.  Plaintiff Senior, however, continued to earn less than the lawfully required minimum wage.

18. Over the course of his employment by Defendants RNA and Bailey, Plaintiff Senior worked 5 hours of overtime during an estimated 10 work weeks. Plaintiff Senior was not paid for his overtime hours.

19. Plaintiff Senior's employment terminated in May 2018.

## COUNT ONE: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

20. Plaintiff incorporates by reference Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Defendant RNA is an "employer" as defined in the Fair Labor Standards Act of 1938 ("FLSA") at 28 U.S.C. § 203.

22. Defendant RNA is an "enterprise engaged in commerce" as defined in the FLSA at 28 U.S.C. § 203.

23. Defendant Bailey, at all relevant times, has been the owner and agent of Defendant RNA, had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff, and consequently, is an "employer" under the FLSA.

24. Plaintiff Senior is an "employee" as defined in the FLSA at 28 U.S.C. § 203.

25. Defendant was required to pay Plaintiff Senior the legally required hourly minimum wage for all hours worked, and overtime wages at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

26. Defendant failed to pay Plaintiff Senior all minimum wages and overtime wages due and owing to Plaintiff in violation of the FLSA, 28 U.S.C. § 207.

27. Defendants RNA's and Bailey's failure to pay minimum wages and overtime wages in violation of the FLSA was willful.

## COUNT TWO: CLAIM FOR UNPAID WAGES AND UNPAID OVERTIME WAGES UNDER THE WEST VIRGINIA MINIMUM WAGE AND MAXIMUM HOURS ACT

28. Plaintiff incorporates by reference Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Each Defendant is an "employer" as defined in the West Virginia Minimum Wage and Maximum Hours Act at W. Va. Code § 21–5C–1(e).

30. Plaintiffs was an "employee" of Defendants as defined in the West Virginia Minimum Wage and Maximum Hours Act at W. Va. Code § 21–5C–1(f).

31. Pursuant to the West Virginia Minimum Wage and Maximum Hours Act, at W. Va. Code § 21–5C–2, upon Plaintiff Senior's hiring, Defendants were required to pay Plaintiff Senior an hourly minimum wage of $8.00 for each hour worked.

32. Pursuant to the West Virginia Minimum Wage and Maximum Hours Act, at W. Va. Code § 21–5C–2, after December 31, 2015, Defendants were required to pay Plaintiff Senior an hourly minimum wage of $8.75 for each hour worked.

33. Pursuant to the West Virginia Minimum Wage and Maximum Hours Act, at W. Va. Code § 21–5C–3, Defendants were required to pay Plaintiff Senior overtime wages for each hour worked over 40 hours in a workweek at a rate of not less than one- and one-half times his regular rate.

34. Defendants failed to pay Plaintiff Senior all minimum wages and overtime wages due and owing to Plaintiff Senior in violation of the West Virginia Minimum Wage and Maximum Hours Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Senior prays for the following relief:

(a) That he may have a trial by jury;

(b) That he be awarded all damages provided by law, including but not limited to, unpaid wages and overtime wages;

(c) That he be awarded liquidated damages as provided by the FLSA;

(d) That he be awarded attorneys' fees and costs; and

(e) That he be awarded such other relief as this Court may deem as just and equitable.

**BRUCE A. SENIOR,**

By Counsel

_____s/ *Mark Goldner*_____
Mark Goldner, Esq. (WV State Bar No. 11286)
Maria W. Hughes, Esq. (WV State Bar No. 7298)
HUGHES & GOLDNER, PLLC
10 Hale Street, Second Floor
Charleston, WV 25301
TEL: (304) 400-4816
FAX: (304) 205-7729
mark@wvemploymentrights.com
maria@wvemploymentrights.com