# **RELEASE AND SETTLEMENT AGREEMENT**

The undersigned, BRUCE A. SENIOR (hereinafter referred to as "Plaintiff" or "Releasor"), for and in consideration of the total payment of Six-Thousand and 00/100 Dollars ($6,000.00), to be paid as described below, agrees to the following terms and conditions of this Release and Settlement Agreement (the "Agreement").

1. Recitals

    a. Plaintiff filed a Complaint in the United States District Court for the Southern District of West Virginia captioned Bruce A. Senior v. Robert Newlin Airport, Inc. and Carl Bailey, Civil Action No. 3:18-cv-01382, in which Plaintiff alleged violations of the Fair Labor Standards Act and the West Virginia Minimum Wage and Maximum Hours Act resulting in injury and damages including lost wages, liquidated damages, and attorneys' fees and costs (the "Lawsuit").

    b. Defendants Robert Newlin Airport, Inc. and Carl Bailey (collectively "Defendants" or "Releasees") answered such Complaint and denied all wrongdoing.

    c. Plaintiff and Defendants have since engaged in settlement negotiations through counsel, and on July 17, 2019, reached an agreement to settle and fully release all claims, and to further document the terms and conditions of the settlement and release by this Agreement.

2. No admission of wrongdoing. Plaintiff shall not use or construe this Agreement in any pending or future proceeding or investigation as an indication or admission by the Defendants that they or any of their officials, officers, agents and employees acted improperly with respect to Plaintiff or any other person. Plaintiff acknowledges that this Agreement is a compromise of disputed and contingent claims, and that the settlement is not to be construed as an admission of liability on the part of the Defendants, by whom liability is expressly denied; and that in entering into the Agreement, the Releasees merely intend to avoid further litigation and the costs incident thereto.

3. Consideration. The total amount of the settlement herein is Six-Thousand and 00/100 Dollars ($6,000.00). Defendants will mail checks to Plaintiff's Counsel as follows:

    a. A check in the amount of **$2,990.82** made payable to "Hughes and Goldner, PLLC" for Plaintiff's costs and attorneys' fees. A Form W-9 shall issue in regards to this amount in the name of Hughes and Goldner, PLLC.

EXHIBIT A

    b. A check in the amount of **$1,097.97** made payable to "Bruce A. Senior" representing alleged lost wages damages (**$1,504.59 gross**) reduced by usual and customary required withholdings. The amount of such taxes are as follows: 1) Federal Income Tax ($217.52); 2) FICA ($93.28); 3) Medicare ($21.82); 4) WV State ($74.00). The taxes withheld shall be submitted by Robert Newlin Airport to the appropriate Federal and State taxing authorities and a form W-2 shall issue in the name of Bruce A. Senior for such wages.

    c. A check in the amount of **$1,504.59** made payable to Bruce A. Senior for other non-wage, liquidated damages. Such shall be reported to the appropriate Federal and State taxing authorities and a form W-9 shall issue in the name of Bruce A. Senior in this amount.

4. <u>Plaintiffs' Acknowledgements about Consideration/ Other Payments</u>.

    a. Plaintiff agrees that, except as stated in this Agreement, he has otherwise received all wages, benefits and compensation due to him; he is not entitled to any further payments of any kind; and he is not otherwise entitled to the payment he is receiving as consideration for this Agreement.

    b. Plaintiff agrees that the payments he receives under this Agreement are sufficient consideration in exchange for his obligations under this Agreement.

    c. Plaintiff agrees that he is liable for the tax consequences of the payments he receives under this Agreement and that Defendants will report the payment to state and federal tax authorities as required by law on appropriate W-2 and 1099 forms.

    d. Each party shall be responsible for their own respective costs of suit and attorneys' fees to the extent not otherwise provided herein.

    e. Plaintiff acknowledges that any payments under the provisions of this Agreement are contingent upon his dismissal of the present lawsuit with prejudice and that he will not refile any action based upon the same facts and circumstances contained within, or related to, the current action.

    f. Plaintiff acknowledges that none of the Releasees (as defined below) have offered any advice, promises or warranties regarding the taxable character of all or any part of the consideration paid under this Agreement. Plaintiff expressly agrees that he will fully indemnify the Releasees from any and all taxes and related governmental liabilities associated with any alleged failure by Plaintiff to pay the required taxes upon the consideration paid under this Agreement in the event that any such demand should be made upon Releasees.

5. <u>Representations</u>.  The parties hereby represent and acknowledge to each other as follows:

   a. <u>Attorney Consultation</u>.  The parties have been represented by an attorney of their own choosing and have had the advice of legal counsel in considering whether to enter into this Agreement.  The parties have been fully explained the Agreement and the effect of this instrument, and have relied solely upon their own judgment, belief and knowledge, and upon the advice of counsel, in executing this Agreement.  The parties represent that in considering whether to enter into this Agreement, they have evaluated the nature, extent, effect and duration of any alleged damages, injuries, and liability.  The parties represent that they fully understand the terms, conditions and effects of this Agreement.

   b. <u>Outstanding Disputes</u>. As of the Effective Date of this Agreement, Plaintiff agrees that this Agreement resolves any and all disputes that he may have with Defendants and their officials, officers, agents, attorneys and employees and Plaintiff further agrees that he has no outstanding disputes in any forum against or involving Defendants and their officials, officers, agents and employees.

   c. <u>Authority to Settle</u>.  Plaintiff represents that he has the sole right and exclusive authority to execute this Agreement and to receive the consideration outlined above; he has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement.  Plaintiff agrees to execute any and all supplementary documents, including an Order of Dismissal, and to take such actions that are necessary to give full force and effect to the terms and intent of this Agreement.

   d. <u>Dismissal of Action</u>:  Plaintiff represents that within ten (10) days of receipt of the settlement payments described in Paragraph 3 above, Plaintiff will execute and tender to the Court an Order of Dismissal of the action with prejudice.

6. <u>Release</u>.  Plaintiff and his heirs and assigns hereby releases, waives, and discharges the Releasees (as defined below) from each and every waivable claim, action or right of any sort, **known or unknown**, suspected or unsuspected, arising on or before the Effective Date of this Agreement. This includes all manner of liability, debts, dues, rights, damages, costs, expenses, sums of money, judgments, executions, claims and causes of action whatsoever, of every kind and character, either administrative, civil or criminal in nature, whether brought in a local, state, or federal forum, including costs and attorneys' fees, which Plaintiff now has or which may hereinafter accrue, based on, or in any way related to or arising from Plaintiff's employment with or separation of employment from Robert

Newlin Airport and/or the claims set forth in Civil Action No. 3:18-cv-01382 pending in the United States District Court for the Southern District of West Virginia.

   a. <u>Releasees</u>. "Releasees" include the following: (1) Robert Newlin Aiport, Inc.; (2) Carl Bailey; (3) and with respect to each such entity and person identified in (1) – (2) above, all of their past and present employees, servants, officials, officers, directors, attorneys, agents, representatives, subsidiaries, parent corporations, affiliates, predecessors, assignees, insurers, and employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs), and (4) any other person acting by, through, under or in concert with any of the persons or entities listed in this paragraph, and their predecessors, successors and/or assigns.

   b. <u>Claims Released</u>. The foregoing release includes, but is not limited to: (1) any and all claims of discrimination, harassment, or retaliation related to race, sex, pregnancy, religion, marital status, sexual orientation, national origin, handicap or disability, age, veteran status, or citizenship status or any other category protected by law; (2) any and all other claims based on a statutory prohibition or requirement; (3) any and all claims under any federal, state, or local law, regulation, or ordinance, including but not limited to any claims arising under the **West Virginia Minimum Wage and Maximum Hours Act** (W.Va. Code §21-5C-1, et seq.), the **West Virginia Wage Payment and Collection Act** (W.Va. Code §21-5-1, et seq.), the **West Virginia Human Rights Act**, WV Code § 5-11-1 et seq., the **Americans With Disabilities Act**, 42 U.S.C. § 12101 et seq., **the Fair Labor Standards Act of 1938** (29 U.S.C. § 203), the **Age Discrimination in Employment Act**, 29 U.S.C. § 621 et seq. ("ADEA"), **Title VII of the Civil Rights** Act of 1964, 42 U.S.C. § 2000 et seq., 42 U.S.C. § 1981, the **Older Workers Benefit Protection Act (OWBPA)** amendments to the ADEA, the anti-discrimination provisions of the **West Virginia Workers' Compensation Act**, WV Code § 23-5A-1, et seq., the **Employee Retirement Income Security Act** of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.; (4) any and all claims under contract, tort, or common law, such as claims of wrongful discharge, negligent or intentional infliction of emotional distress and defamation; (5) any and all claims arising out of or related to an express or implied employment contract, any other contract affecting terms and conditions of employment, or a covenant of good faith and fair dealing; (6) any personal gain with respect to any claim under the qui tam provisions of the False Claims Act; and (7) any and all claims for attorneys' fees that exist or may exist as of the date of the signing of this Agreement. <u>PLAINTIFF UNDERSTANDS THAT HE IS NOT RELEASING ANY CLAIMS ARISING AFTER THE EFFECTIVE DATE OF THIS AGREEMENT, AND THAT HE IS NOT RELEASING CLAIMS THAT CANNOT LAWFULLY BE RELEASED.</u>

c. <u>West Virginia Human Rights Act</u>. Plaintiff specifically acknowledges that he is releasing rights and claims under the **West Virginia Human Rights Act**, WV Code § 5-11-1 et seq.

d. <u>Full and Final Release</u>.  Plaintiff understands and agrees that this is a full and final release of any and all claims that he now has or may have had against any of the Releasees, and, by executing this agreement, such claims, direct, indirect or vicarious, known or unknown, past or present, are forever barred.  Plaintiff agrees not to assert mutual mistake of fact regarding the basis of this settlement, as it is his understanding that all damages, including those which may become known in the future, are compromised and settled and that all claims, known or unknown, as of the date of this Agreement, are forever barred.

e. <u>No future employment</u>.  Plaintiff agrees to waive any claim he may have for reinstatement to employment with Robert Newlin Airport, Inc. and further agrees not to apply, reapply, or seek employment with Robert Newlin Airport, Inc. or any of its affiliates, subsidiaries, and/or related entities.

f. <u>Violating the Release.</u>  If Plaintiff violates this release by suing a Releasee or causing a Releasee to be sued for any matter in the scope of the release, Plaintiff agrees to pay all costs and expenses of defending against the suit incurred by the Releasee, including reasonable attorneys' fees, except to the extent that paying such fees, costs and expenses is prohibited by law or would result in the invalidation of the foregoing release.

g. <u>Cooperating with Government Agencies</u>.  This Agreement does not limit Plaintiff's ability to communicate with governmental investigators on matters involving the Releasees or participating in any such proceeding before a governmental agency, including a state or federal fair employment practices agency. However, Plaintiff agrees he cannot receive any monetary or personal gain for such participation.  Accordingly, Plaintiff shall be barred from seeking and expressly waives any and all rights to any monetary, injunctive, or other personal relief for released claims, including but not limited to reinstatement, damages, remedies, or other such relief, any and all rights to which he hereby waives.  Plaintiff understands that such waiver does not extend to relief that cannot lawfully be waived.

7. <u>Mutual Non-Disparagement</u>.  The parties agree that, at all times following the signing of this Agreement, they shall not engage in any disparagement or vilification of the other, and shall refrain from making any false, negative, critical or otherwise disparaging statements, implied or expressed, concerning the other.  The parties further agree to do nothing that would damage the other's reputation or good will or

which would reasonably be expected to lead to unwanted or unfavorable publicity to the other.

8. <u>Employment References</u>.  Defendant, Robert Newlin Airport, Inc., shall provide a neutral employment reference to any potential employers that consider the employment of the Plaintiff and seek information concerning the reasons for the departure of the Plaintiff.  Defendant will only provide to such potential employers the identity of the position held by the Plaintiff and the dates of Plaintiff's employment with Robert Newlin Airport, Inc.

9. <u>Destruction of Documents and Materials</u>:  Upon execution of this Agreement, each party shall promptly destroy all documents and other tangible materials representing the other's confidential information, including any and all copies thereof.

10. <u>Informed Consent</u>.  The parties expressly warrant and represent that they have fully informed themselves of the terms, content, conditions and effects of this Agreement.

11. <u>Severability</u>.  In the event any one or more of the provisions (or any parts of provisions) of this Agreement shall for any reason be held to be invalid, illegal or unenforceable, the remaining provisions (or parts of provisions) of this Release shall remain valid and enforceable.

12. <u>Governing Law</u>.  This Agreement is made and entered into in the State of West Virginia and shall in all respects be interpreted, enforced and governed under the laws of the State of West Virginia.

13. <u>Entire Agreement</u>.  The parties acknowledge that this Agreement sets forth the entire agreement and understanding between the Parties and supersedes all prior agreements and understandings concerning the subject matter of this Agreement.  The parties further declare that no promise, inducement, or agreement not herein expressed has been made by or to the other and that this Agreement is contractual and not a mere recital.  The parties agree they have not relied upon any oral statements that are not included in this Agreement.

14. <u>Counterparts</u>.  This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument, and shall become effective when counterparts have been signed by each of the Parties and delivered to the other Parties; it being understood that all Parties need not sign the same counterparts.

15. **<u>OWBPA and WVHRA Notice</u>. The Parties acknowledge that this Release and Settlement Agreement has been executed in accordance with the provisions of the Older Workers Benefit Protection Act (OWBPA) and the West Virginia Human Rights Act ("WVHRA") and that Plaintiff has been furnished with the**

toll-free number and online address of the West Virginia State Bar (1-800-642-3617) & https://wvlawyerreferral.org) in regards to obtaining assistance, if needed, in locating legal representation.

Plaintiff has been offered twenty-one (21) days to consider the terms of this Agreement before signing. *__Plaintiff acknowledges that this Release and Settlement Agreement has been signed voluntarily and of his own free will prior to the expiration of that offered 21-day period. By signing prior to the expiration, Plaintiff acknowledges that he has waived such waiting period.__*

Plaintiff has also been notified that he has up to seven (7) days to revoke this Agreement after he has signed it. *__At the expiration of this seven (7) day revocation period, Plaintiff recognizes that his right to cancel this agreement shall cease. This Agreement will not become effective until after the expiration of the seven (7) day revocation period.__* If Plaintiff exercises this right of revocation, he will be ineligible for the settlement sum described herein. To be effective, the revocation must be in writing and must be mailed, certified mail, return receipt requested, to Defendants' counsel of record.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THE FOREGOING INSTRUMENT, THAT THEY HAVE BEEN GIVEN THE OPPORTUNITY TO CONFER WITH LEGAL COUNSEL BEFORE EXECUTION, THAT THEY KNOW AND UNDERSTAND THE CONTENTS THEREOF, AND THAT THEY EXECUTE THE SAME AS A FREE AND VOLUNTARY ACT.**

**BRUCE A. SENIOR**

_____ Date: _____
(Signature)

STATE OF WISCONSIN ) 
 ) SS:
COUNTY OF BROWN )

    Signed and sworn to (or affirmed) before me on this \_\_\_\_\_ day of _____ 2019, by **Bruce A. Senior**.

_____
Signature of Notary Public

[NOTARY STAMP] My Commission Expires: _____

**ROBERT NEWLIN AIRPORT, INC.**

_____ Date: _____
(Signature)

By its: _____

STATE OF WEST VIRGINIA )
                                         ) SS:
COUNTY OF _____ )

      Signed and sworn to (or affirmed) before me on this _____ day of _____ 2019, by _____.

_____
Signature of Notary Public

[NOTARY STAMP] My Commission Expires: _____

**CARL BAILEY**

_____ Date: _____
(Signature)


STATE OF WEST VIRGINIA    )
                          ) SS:
COUNTY OF _____   )

    Signed and sworn to (or affirmed) before me on this _____ day of

_____ 2019, by Carl Bailey.


_____
Signature of Notary Public

[NOTARY STAMP] **My Commission Expires:** _____