**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BRUCE A. SENIOR,**

      **Plaintiff,**

**v.**
                                    **Civil Action No. 3:18-CV-01382**
                                    **Judge Robert C. Chambers**

**ROBERT NEWLIN AIRPORT, INC.
and CARL BAILEY,**

      **Defendants.**

## JOINT MEMORANDUM IN SUPPORT OF JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT

      Plaintiff Bruce A. Senior ("Mr. Senior") and Defendants Robert Newlin Airport, Inc. and Carl Bailey (collectively referred to as "RNA"), through their undersigned counsel, hereby submit the following Memorandum in Support of their Joint Motion for Court Approval of Settlement. As set forth more fully below, the proposed settlement of this matter is a fair and reasonable resolution of a bona fide dispute.

## FACTUAL AND PROCEDURAL BACKGROUND

      RNA is a West Virginia non-profit corporation that owns and operates a small airfield used by amateur flyers and skydivers with a small airport café and restaurant named The Fly-in Café. (ECF No. 1 at ¶4.) Carl Bailey is the President and principal owner of RNA. *Id.* at ¶5. In the fall of 2015, Mr. Senior began tending bar and performing certain other miscellaneous tasks at The Fly-in Café. *Id.* at ¶¶12-13. Mr. Senior's relationship with RNA continued from 2015 through approximately May 20, 2018 when Mr. Senior was terminated. *Id.* at ¶19.

      Mr. Senior, while working for The Fly-in Café, "tended bar and performed other miscellaneous tasks such as serving customers, preparing the restaurant before opening, and

cleaning the restaurant after closing." *Id.* at ¶13.   Mr. Senior alleges that while working for Defendants he was not paid required minimum wages and overtime.   As a result, Mr. Senior initiated the instant suit on October 24, 2018, alleging violations of the Fair Labor Standards Act ("FLSA") and the West Virginia Minimum Wage Maximum Hours law. *Id.* at ¶¶26, 34. Mr. Senior sought to recover the allegedly unpaid wages, liquidated damages under the FLSA, and costs and attorneys' fees under both statutes. ECF No.1 at ¶6.

Following the institution of the suit, RNA filed a Motion to Dismiss and for Partial Summary Judgment under Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure.   In its Motion, RNA argued that a significant portion of Mr. Senior's claimed unpaid wages fell outside of the two-year statute of limitations provided by 29 U.S.C. §255(a) and W.Va. Code §21-5C-8(d). Mr. Senior responded by asserting that RNA's actions were "willful" and therefore subject to the three-year statute of limitations under 29 U.S.C. §255(a).   In addition, RNA argued that Mr. Senior's claims fail because RNA does not fall within the FLSA's scope because neither enterprise nor individual coverage can be established.   Mr. Senior responded by asserting that material issues of facts currently preclude a definitive determination as to whether enterprise and individual coverage existed.   As of the filing of this Motion, the Court has not ruled on RNA's Motions.  Following the filing of RNA's responsive pleading, the parties engaged in both formal and informal discovery and a substantial amount of information was exchanged between the parties.

On or around July 17, 2019, as the result of good-faith, arms-length negotiations, the Parties, reached a tentative agreement to settle this matter (subject to the Court's approval).   The Parties then entered into a formal, written Settlement Agreement. (Exhibit A).

Over the life of this Lawsuit, the Parties shared formal and informal discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted. Based upon Counsel's investigation, legal evaluation, and assessment of the contested legal and factual issues involved in this Lawsuit, including Counsel's understanding of the uncertainties of litigation, Counsel for both parties have concluded that this settlement is fair, reasonable, adequate, and in the best interests of all involved. Accordingly, Plaintiff and Defendants ask the Court to approve the Settlement Agreement and to enter an order dismissing this Lawsuit with prejudice.

## APPLICATION OF LAW TO FACTS

Fourth Circuit precedent, as well as the FLSA, requires that this Court approve a private settlement of an overtime or minimum wage claim arising under the FLSA. *See Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007); *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Howell v. Dolgencorp, Inc.*, 2011 WL 121912, at *1 (N.D. W. Va. Jan. 13, 2011). To approve the settlement proposed by the Parties, this Court must determine that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) ("In reviewing FLSA settlements for approval, district courts in [the Fourth Circuit] typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores.*" (internal quotation marks omitted)); *Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014). This undertaking necessitates a three-part inquiry: (1) "whether there are FLSA issues actually in dispute"; (2) whether the settlement is fair and reasonable; and (3) whether the request for attorney's fees, if included in the agreement, is reasonable. *Hackett*, 259 F. Supp. 3d at 365. *See*

*Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) ("[A]n FLSA settlement should be approved if the settlement 'does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute.'" (*quoting Lynn's Food Stores*, 679 F.2d at 1354)). *See Jarrell v. Charleston Area Med. Ctr., Inc.*, No. 2:17-cv-01371, 2018 U.S. Dist. LEXIS 161576, at *5 (S.D. W. Va. Sep. 20, 2018)

### 1.   There is a bona fide dispute over FLSA provisions.

First, the FLSA issues here are actually in dispute.  As set forth above, Mr. Senior has claimed that he is entitled to unpaid regular and overtime wages.  RNA has disputed legally that Mr. Senior is entitled to application of FLSA coverage and that his claims are time-barred by the applicable statute of limitations. The parties clearly have a bona fide dispute over the applicability of the FLSA to this matter, and whether Mr. Senior is entitled to any unpaid regular or overtime wages.  Given the adversarial nature of a lawsuit brought under section 216(b), "when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynns Food Stores*, 679 F.2d at 1354.  Such is the case here.

### 2.   The fairness and reasonableness factors are satisfied.

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D.La.2004)).  As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id*. The relevant factors from Rule 23's assessment for fairness and reasonableness are as follows:

> (1) The extent of discovery that has taken place; (2) the stage of the
> proceedings, including the complexity, expense and likely duration of
> the litigation; (3) the absence of fraud or collusion in the settlement; (4)
> the experience of counsel who have represented the plaintiffs; (5) the
> probability of plaintiffs' success on the merits; and (6) the amount of the
> settlement in relation to the potential recovery.

*Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014); *see also Flinn v. FMC Corp.*, 528 F.2d

1169, 1173 (4th Cir. 1975); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846,

849 (D.S.C. 2016)).

While discovery in this matter has not ended, the parties have exchanged Rule 26(a)

information, and other informal information, and have sufficient information to evaluate relevant

claims and defenses as well as estimate damages.  The parties agree that it is in their respective

client's best interests to resolve this situation given the potential expense, inconvenience, and delay

in potential receipt by Mr. Senior of the monies represented by the settlement.   There is no fraud

of collusion in the settlement as all parties have been represented by very experienced labor and

employment counsel who have competently represented their clients, and the settlement is the

result of arm's length negotiations taking into account the strengths and weaknesses of each sides'

positions.

As discussed above, the Parties recognize that there are substantial legal and factual issues,

including whether the FLSA even applies in this case, that could make it uncertain as to whether

Mr. Senior or RNA would ultimately prevail should this matter proceed through litigation.

Therefore, the Parties agree that based on the probability of success on the merits, measured against

the risks and costs of continued litigation, the settlement amount is fair and reasonable under the

circumstances.

**3.  The attorney's fees requested are reasonable.**

The final factor is the reasonableness of the attorney's fees to be awarded "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Faubel v. Grogg's Heating & Air Conditioning, Inc.*, Civil Action No. 2:17-cv-02410, 2018 U.S. Dist. LEXIS 86766, at *7-8 (S.D. W.Va. May 22, 2018)(citations omitted).

The parties further agree that Plaintiff's Counsel's fees are reasonable under a lodestar basis. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The lodestar is the product of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). In determining reasonable attorneys' fees in FLSA actions, courts within the Fourth Circuit begin with the lodestar approach and may include adjustments for time spent on "unsuccessful clams" and "the degree of success obtained." Newbanks, 2015 U.S. Dist. LEXIS 191550, 2015 WL 12843673 at *8.

Pursuant to the Settlement Agreement, Defendants shall pay $2,990.82 to Plaintiffs' Counsel for fees and costs using the "lodestar method", i.e. the number of hours worked by Plaintiffs' Counsel multiplied by an hourly rate of $350.00.   Plaintiffs and Defendants consider the hourly rate of $350.00 to be reasonable and consistent with the hourly rate of counsel with similar years of practice and experience in litigating wage and hour claims.

**CONCLUSION**

The Parties believe that the terms and conditions of the Settlement Agreement are fair, reasonable, adequate, beneficial, and in the best interests of all Parties. As noted above, the proposed Settlement Agreement was reached following the exchange of information and data and after extensive negotiations. Because of the various defenses asserted by Defendants and the

possibility that Defendants may have successfully defeated or limited some or all of the Plaintiffs' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a bona fide dispute. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possibly appeal.

WHEREFORE, the Parties hereby request that this Court (1) approve the Parties' settlement, including all of the terms set forth in the Settlement Agreement and Release and (2) dismiss this Lawsuit and Plaintiffs' claims with prejudice.

Prepared by:

/s/ Thomas E. Scarr
Thomas E. Scarr, Esquire (WVSB #3279)
Michael A. Frye, Esquire (WVSB #7712)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia 25726-2688
Phone:  (304) 523-2100
Fax:  (304) 523-2347

Reviewed and Agreed to by:

/s/ Mark Goldner (by permission via e-mail to TES)
Mark Goldner, Esq.
Maria W. Hughes, Esq.
**HUGHES & GOLDNER, PLLC**
Post Office Box 11662
Charleston, West Virginia 25339
Phone:  (304) 400-4816
Fax:  (304) 205-7729

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BRUCE A. SENIOR,**

     **Plaintiff,**

**v.**                                  **Civil Action No. 3:18-CV-01382**
                                             **Judge Robert C. Chambers**

**ROBERT NEWLIN AIRPORT, INC.
and CARL BAILEY,**

     **Defendants.**

## CERTIFICATE OF SERVICE

I, Thomas E. Scarr, counsel for Carl Bailey and Robert Newlon Airport, Inc., hereby certify

that on August 19, 2019, I electronically filed *Joint Memorandum in Support of Joint Motion*

*for Court Approval of Settlement* by using the CM/ECF system, which will send notification of

such filing to the participants listed below:

Mark Goldner, Esq.
Maria W. Hughes, Esq.
**HUGHES & GOLDNER, PLLC**
10 Hale St., 2nd Floor
Charleston, WV 25301

                                              */s/ Thomas E. Scarr*
                                              Thomas E. Scarr, Esquire (WV Bar #3279)

**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia  25726-2688